**THOMAS J. ROMANO**, OSB No. 053661
E-mail:  tromano@khpatent.com
**SHAWN J. KOLITCH**, OSB No. 063980
E-mail:  shawn@khpatent.com
**KIMBERLY N. FISHER**, OSB No. 133604
E-mail:  kfisher@khpatent.com
**KOLISCH HARTWELL, P.C.**
200 Pacific Building
520 S.W. Yamhill Street
Portland, Oregon   97204
Telephone:  (503) 224-6655
Facsimile:  (503) 295-6679

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **STEEL TECHNOLOGY, LLC**, an Oregon limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>**808 HI-DR8, LLC**, a Hawaii limited liability company,<br><br>Defendant. | Case No. 3:15-cv-00058<br><br>**COMPLAINT FOR PATENT AND TRADEMARK INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

For its complaint, Plaintiff Steel Technology, LLC dba Hydro Flask ("Hydro Flask") alleges against Defendant 808 HI-DR8, LLC ("808 HI-DR8" or "Defendant") as follows:

## NATURE OF THE CASE

1. This is a civil action for patent infringement under the patent laws of the United States, 35 U.S.C. §§ 1 et seq., specifically under 35 U.S.C. §§ 271 and 281, violations of the Lanham Act, and Oregon common law trademark infringement and unfair competition.

## THE PARTIES

2. Hydro Flask is an Oregon limited liability company, having a principal place of business at 561 N.W. York Drive, Bend, Oregon 97701.

3. Upon information and belief, Defendant 808 HI-DR8 is a Hawaii limited liability company having a principal place of business at 1200 Queen Emma Street, Suite 3001, Honolulu, Hawaii 96813 and a registered agent at 94-1017 Kahuamoku Street, Apartment 7, Waipahu, Hawaii 96797.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338, because of the claim under 35 U.S.C. § 271 for patent infringement, and under 28 U.S.C. §§ 1331 and 1338, as well as 15 U.S.C. § 1121(a), because of the claims under 15 U.S.C. §§ 1114(1) and 1125(a) for federal trademark infringement and unfair competition in violation of Sections 32(1) and 43(a) of the Lanham Act.

5. This Court has supplemental jurisdiction over Hydro Flask's state law claims under 28 U.S.C. § 1367 because these claims are so related to the claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative facts.

6. This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant's acts of infringement that led to the present suit were committed in the

District of Oregon, within the jurisdiction of this Court. Upon information and belief, Defendant, directly and/or through third parties, has made, used, sold, and/or offered for sale infringing products in the District of Oregon and/or have placed infringing products into the stream of commerce through established distribution channels with the expectation that such products will be purchased by residents of this District. Upon information and belief, Defendant has advertised, offered for sale, and/or marketed its goods under the infringing marks in this State.

7. Venue is proper in this judicial district under 28 U.S.C. § 1391 because Defendant, upon information and belief, may be found or transacts business in this district and under 28 U.S.C. § 1400 because Defendant, upon information and belief, has committed acts of patent infringement in Oregon.

## THE ASSERTED PATENTS

8. U.S. Design Patent No. D688,912 entitled Wide Mouth Flask ("the '912 patent") was issued on September 3, 2013. Hydro Flask has owned the '912 patent throughout the period of 808 HI-DR8's infringing acts, and still owns the '912 patent. The '912 patent claims the ornamental design for a wide mouth flask. A copy of the '912 patent is attached as Exhibit A.

9. U.S. Design Patent No. D680,805 entitled Wide Mouth Flask ("the '805 patent") was issued on April 30, 2013. Hydro Flask has owned the '805 patent throughout the period of 808 HI-DR8's infringing acts, and still owns the '805 patent. The '805 patent claims the ornamental design for a wide mouth flask. A copy of the '805 patent is attached as Exhibit B.

10. U.S. Design Patent No. D704,986 entitled Flask Lid ("the '986 patent") was issued on May 20, 2014. Hydro Flask has owned the '986 patent throughout the period of 808 HI-DR8's infringing acts, and still owns the '986 patent. The '986 patent claims the ornamental design for a flask lid. A copy of the '986 patent is attached as Exhibit C.

## THE ASSERTED MARKS

11. Since at least prior to the acts alleged herein, Hydro Flask has continuously sold insulated vacuum bottles and bottle lids in connection with the marks ⚘, HYDRO FLASK, and HYDRATE YOUR LIFE (collectively the "Hydro Flask Marks") throughout the United States.

12. Hydro Flask owns U.S. Trademark Reg. No. 3,834,826 (the '826 Registration) for the mark *Hydro Flask* in connection with the insulated flasks that it sells. The '826 registration was issued on August 17, 2010. The '826 registration is attached as Exhibit D.

13. Hydro Flask owns U.S. Trademark Reg. No. 4,055,784 (the '784 Registration) for the mark HYDRO FLASK in connection with the insulated vacuum flasks that it sells. The '784 registration was issued on August 30, 2011. The '784 registration is attached as Exhibit E.

14. Hydro Flask owns U.S. Trademark Reg. No. 4,055,789 (the '789 Registration) for the ⚘ mark in connection with the insulated vacuum flasks that it sells. The '789 registration was issued on August 30, 2011. The '789 registration is attached as Exhibit F.

15. Hydro Flask owns U.S. Trademark Reg. No. 4,113,155 (the '155 Registration) for the mark HYDRATE YOUR LIFE in connection with the insulated vacuum flasks that it sells. The '155 registration was issued on March 13, 2012. The '155 registration is attached as Exhibit G.

16. Hydro Flask provides notice of registration of its products under the Hydro Flask Marks, to the extent possible, in compliance with 15 U.S.C. § 1111.

17. Hydro Flask's marketing and sales activities related to its insulated vacuum bottles and bottle lids under the Hydro Flask Marks, at least in the State of Oregon and in the

State of Hawaii, have established common law trademark rights at least under the laws of the State of Oregon and the State of Hawaii, prior to the acts alleged herein.

### THE ACCUSED PRODUCTS AND MARKS

18. Upon information and belief, Defendant, acting on its own behalf and/or through an agent, operates a Website on the World Wide Web at http://808hidr8.com/ ("Defendant's Website").

19. Upon information and belief, 808 HI-DR8 markets and sells vacuum insulated bottles and bottle lids.

20. Upon information and belief, 808 HI-DR8 uses Defendant's Website to market and sell vacuum insulated bottles and bottle lids.

#### *The Accused Products*

21. Upon information and belief, 808 HI-DR8 markets and sells vacuum insulated bottles ("Accused Bottles"). Attached as Exhibit H is an excerpt from Defendant's Website showing examples of the Accused Bottles being offered for sale.

22. Upon information and belief, 808 HI-DR8 markets and sells straw lids ("Accused Straw Lids"). Attached as Exhibit I are excerpts from Defendant's Website showing examples of the Accused Straw Lids being offered for sale.

23. Upon information and belief, 808 HI-DR8 also markets and sells the Accused Products in stores and/or marketplaces. Attached as Exhibit J are examples of the Accused Products being offered for sale in stores and marketplaces.

*The Accused Marks*

24. Upon information and belief, 808 HI-DR8 markets, offers for sale, and/or sells products under a composite mark that includes the word "HI-DR8" with a palm tree shaped design in the place of the "I" in "HI-DR8" (the "HI-DR8 Composite Mark").

25. Upon information and belief, 808 HI-DR8 markets, offers for sale, and/or sells products under the mark HI-DR8 (the "HI-DR8 Mark").

26. Upon information and belief, 808 HI-DR8 markets, offers for sale, and/or sells products under the mark Hi-DRO FLASK (the "Hi-DRO FLASK Mark").

27. Upon information and belief, 808 HI-DR8 first began using the HI-DR8 Composite Mark, HI-DR8 Mark, and/or Hi-DRO FLASK Mark (collectively the "Accused Marks") in connection with insulated bottles and bottle lids on or around November 2014.

28. Attached as Exhibit K are examples of the Accused Marks being marketed and/or offered for sale in connection with insulated bottles and bottle lids.

29. Upon information and belief, 808 HI-DR8 promotes its goods in some of the same or similar channels, and to some of the same or similar consumers as does Hydro Flask.

30. Upon information and belief, 808 HI-DR8 is a direct competitor of Hydro Flask.

31. Attached as Exhibit L is a checkout page from Defendant's Website showing that the insulated bottles and bottle lids in connection with the Accused Marks, and the Accused Products, are offered and available for sale to customers located in the State of Oregon.

**FIRST CAUSE OF ACTION – INFRINGEMENT OF THE '912 PATENT**

32. The allegations of the preceding paragraphs are hereby incorporated by reference in this section as though set forth fully herein.

33. Hydro Flask has never authorized 808 HI-DR8 to make, use, offer to sell, sell, and/or import into the United States products covered by the '912 patent.

34. Upon information and belief, 808 HI-DR8 has infringed and is infringing the '912 patent by making, using, offering to sell, selling, and/or importing into the United States the Accused Bottles.

35. For example, at least the Accused Bottles described above and shown in Exhibit H infringe the '912 patent.

36. Hydro Flask has requested that 808 HI-DR8 cease and desist from the marketing and selling of the Accused Bottles, but 808 HI-DR8 has not complied with this request.

37. Upon information and belief, infringement by 808 HI-DR8 has been and continues to be willful, with knowledge of the '912 patent and 808 HI-DR8's infringement thereof, entitling plaintiff to increased damages under 35 U.S.C. § 284 and to attorneys' fees incurred in prosecuting this action under 35 U.S.C. § 285.

38. Upon information and belief, infringement by 808 HI-DR8 will continue unless enjoined by this court.

39. Hydro Flask has suffered, and will continue to suffer, substantial damages in an amount to be proven at trial, through lost profits, lost sales and/or lost royalties, due to infringement of the '912 patent by 808 HI-DR8.

40. Hydro Flask has suffered, and will continue to suffer, permanent and irreparable injury, for which Hydro Flask has no adequate remedy at law.

41. Hydro Flask is entitled to relief as provided by 35 U.S.C. §§ 281, 283-285, and 289.

**SECOND CAUSE OF ACTION – INFRINGEMENT OF THE '805 PATENT**

42. The allegations of the preceding paragraphs are hereby incorporated by reference in this section as though set forth fully herein.

43. Hydro Flask has never authorized 808 HI-DR8 to make, use, offer to sell, sell, and/or import into the United States products covered by the '805 patent.

44. Upon information and belief, 808 HI-DR8 has infringed and is infringing the '805 patent by making, using, offering to sell, selling, and/or importing into the United States the Accused Bottles.

45. For example, at least the Accused Bottles described above and shown in Exhibit H infringe the '805 patent.

46. Hydro Flask has requested that 808 HI-DR8 cease and desist from the marketing and selling of the Accused Bottles, but 808 HI-DR8 has not complied with this request.

47. Upon information and belief, infringement by 808 HI-DR8 has been and continues to be willful, with knowledge of the '805 patent and 808 HI-DR8's infringement thereof, entitling plaintiff to increased damages under 35 U.S.C. § 284 and to attorneys' fees incurred in prosecuting this action under 35 U.S.C. § 285.

48. Upon information and belief, infringement by 808 HI-DR8 will continue unless enjoined by this court.

49. Hydro Flask has suffered, and will continue to suffer, substantial damages in an amount to be proven at trial, through lost profits, lost sales and/or lost royalties, due to infringement of the '805 patent by 808 HI-DR8.

50. Hydro Flask has suffered, and will continue to suffer, permanent and irreparable injury, for which Hydro Flask has no adequate remedy at law.

51. Hydro Flask is entitled to relief as provided by 35 U.S.C. §§ 281, 283-285, and 289.

### THIRD CAUSE OF ACTION – INFRINGEMENT OF THE '986 PATENT

52. The allegations of the preceding paragraphs are hereby incorporated by reference in this section as though set forth fully herein.

53. Hydro Flask has never authorized 808 HI-DR8 to make, use, offer to sell, sell, and/or import into the United States products covered by the '986 patent.

54. Upon information and belief, 808 HI-DR8 has infringed and is infringing the '986 patent by making, using, offering to sell, selling, and/or importing into the United States the Accused Straw Lids.

55. For example, at least the Accused Straw Lids described above and shown in Exhibit I infringe the '986 patent.

56. Upon information and belief, infringement by 808 HI-DR8 has been and continues to be willful, with knowledge of the '986 patent and 808 HI-DR8's infringement thereof, entitling plaintiff to increased damages under 35 U.S.C. § 284 and to attorneys' fees incurred in prosecuting this action under 35 U.S.C. § 285.

57. Upon information and belief, infringement by 808 HI-DR8 will continue unless enjoined by this court.

58. Hydro Flask has suffered, and will continue to suffer, substantial damages in an amount to be proven at trial, through lost profits, lost sales and/or lost royalties, due to infringement of the '986 patent by 808 HI-DR8.

59. Hydro Flask has suffered, and will continue to suffer, permanent and irreparable injury, for which Hydro Flask has no adequate remedy at law.

60. Hydro Flask is entitled to relief as provided by 35 U.S.C. §§ 281, 283-285, and 289.

**FOURTH CAUSE OF ACTION – VIOLATIONS OF THE LANHAM ACT: TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND FALSE DESIGNATION OF ORIGIN**

61. The allegations of the preceding paragraphs are hereby incorporated by reference in this section as though set forth fully herein.

62. Since 2011, Hydro Flask has advertised and promoted the sale of its insulated vacuum bottles and bottle lids in connection with the Hydro Flask Marks. Hydro Flask's goods bearing the Hydro Flask Marks have acquired an excellent reputation as well as celebrity by purchasers who recognize the distinctive marks.

63. Hydro Flask has used and continues to use the Hydro Flask Marks in commerce throughout the United States, including in Oregon and Hawaii.

64. Hydro Flask's use of the Hydro Flask Marks is distinctive in connection with the goods bearing the Hydro Flask Marks.

65. Hydro Flask has never authorized 808 HI-DR8 to use the Hydro Flask Marks or any similar marks. 808 HI-DR8 has no license or authority from Hydro Flask permitting the use of the Hydro Flask Marks or any similar marks on bottles or bottle lids.

66. Notwithstanding Hydro Flask's established rights, 808 HI-DR8 markets, offers for sale, and/or sells products, including at least insulated bottles and bottle lids, under confusingly similar marks to Hydro Flask's products bearing the Hydro Flask Marks.

67. 808 HI-DR8 currently markets, offers for sale, and/or sells products, including at least insulated bottles and bottle lids, under the Accused Marks.

68. Upon information and belief, the Accused Marks are confusingly similar to the Hydro Flask Marks.

69. Upon information and belief, the Hi-DRO FLASK Mark is confusingly similar to the Hydro Flask Marks. For example, "Hi-DRO FLASK" is confusingly similar to "HYDRO FLASK, at least for the reason that they are visually similar and identical in pronunciation.

70. Upon information and belief, the HI-DR8 Mark is confusingly similar to the Hydro Flask Marks. For example, the term "HI-DR8" is confusingly similar to the term "HYDRO," at least for the reason that the 8 and 0 are visually similar elements and create the same commercial impression.

71. Upon information and belief, the HI-DR8 Composite Mark is confusingly similar to the Hydro Flask Marks. For example, the palm tree shaped design in the HI-DR8 Composite Mark is confusingly similar to Hydro Flask's mark ☼, and the term "HI-DR8 is confusingly similar to the term "HYDRO," at least for the reason that the palm tree shaped design and Y are visually similar elements and create the same commercial impression.

72. Upon information and belief, the HI-DR8 Composite Mark and HI-DR8 Mark is confusingly similar to Hydro Flask's HYDRATE YOUR LIFE mark. For example, the term "HI-DR8" is confusingly similar to the term "HYDRATE," at least for the reason that they are visually similar and identical in pronunciation.

73. Upon information and belief, 808 HI-DR8 first began using the Accused Marks in connection with the insulated vacuum bottles and bottle lids on or around November 2014.

74. Upon information and belief, 808 HI-DR8 is a direct competitor of Hydro Flask.

75. Upon information and belief, 808 HI-DR8 promotes its goods in some of the same or similar channels, and to some of the same or similar consumers as does Hydro Flask.

76. Hydro Flask has requested that 808 HI-DR8 cease and desist from its infringing actions that violate federal and state laws, but 808 HI-DR8 has not complied with this request.

77. Upon information and belief, 808 HI-DR8 has engaged in this infringing activity despite having actual knowledge of Hydro Flask's trademark rights in the Hydro Flask Marks.

78. 808 HI-DR8's actions are likely to lead the public to conclude incorrectly that 808 HI-DR8's goods originate with, are related to, or are authorized or sponsored by Hydro Flask, which will damage both Hydro Flask and the public.

79. Upon information and belief, 808 HI-DR8's actions are intended to enrich 808 HI-DR8.

80. Upon information and belief, 808 HI-DR8 has advertised and offered its goods for sale using the Accused Marks with the intention of misleading, deceiving, or confusing consumers as to the origin of its goods and of trading on Hydro Flask's reputation and goodwill.

81. Upon information and belief, 808 HI-DR8's activities are likely to cause confusion and have caused confusion among Hydro Flask's customers and potential customers.

82. 808 HI-DR8's unauthorized use of the Accused Marks in connection with the sale, offering for sale, distribution, and advertising of goods in U.S. commerce is likely to cause confusion, mistake, or deception.

83. 808 HI-DR8's unauthorized use of the Accused Marks in interstate commerce as described above constitutes trademark infringement and unfair competition under 15 U.S.C. §§ 1114(1) and 1125(a) and is likely to cause consumer confusion, mistake, or deception.

84. 808 HI-DR8's unauthorized marketing and sale of its goods in interstate commerce using the confusingly similar marks constitutes a false designation of origin or false representation that wrongfully and falsely designates 808 HI-DR8's goods as originating from or connected with Hydro Flask, and constitutes the use of false descriptions or representations in interstate commerce in violation of 15 U.S.C. § 1125(a).

85. Upon information and belief, as a direct and proximate result of 808 HI-DR8's trademark infringement and acts of unfair competition, Hydro Flask has suffered irreparable harm to its business and reputation, and also has suffered and continues to suffer damages in an amount to be determined by the trier of fact.

86. Upon information and belief, as a direct and proximate result of 808 HI-DR8's trademark infringement and acts of unfair competition, 808 HI-DR8 has unjustly profited from those acts.

87. Upon information and belief, 808 HI-DR8's trademark infringement and acts of unfair competition will cause further irreparable injury to Hydro Flask if 808 HI-DR8 is not restrained by this Court from further violation of Hydro Flask's rights.

88. Upon information and belief, 808 HI-DR8's activities are deliberate and willful.

89. Hydro Flask has no adequate remedy at law.

90. The goodwill and reputation for quality that Hydro Flask has worked hard and long to cultivate has been threatened by 808 HI-DR8's actions.

91. Unless 808 HI-DR8 is enjoined from the use of the Accused Marks on the insulated bottles, bottle lids and other goods, such use will continue to cause consumer confusion and will continue to cause irreparable harm to Hydro Flask and the public.

### FIFTH CAUSE OF ACTION – COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

92. The allegations of the preceding paragraphs are hereby incorporated by reference in this section as though set forth fully herein.

93. 808 HI-DR8, by the acts complained of herein, has infringed Hydro Flask's common law trademark rights in the Hydro Flask Marks by using confusingly similar marks in connection with its goods.

Page 13 –    COMPLAINT FOR PATENT AND TRADEMARK INFRINGEMENT
              CASE NO. 3:15-CV-00058

94. 808 HI-DR8 has competed unfairly with Hydro Flask and has otherwise used the reputation and goodwill of Hydro Flask to offer and sell 808 HI-DR8's goods as if they were sponsored, approved by, or connected with Hydro Flask.

95. 808 HI-DR8's use of the Accused Marks on 808 HI-DR8's goods constitutes unfair competition and trademark infringement under the laws of Oregon and other States.

**PRAYER FOR RELIEF**

In view of the foregoing, Plaintiff Hydro Flask prays for judgment as follows:

*First, Second, and Third Causes of Action*

A. That 808 HI-DR8 has infringed, and is infringing, the '912, '805, and '986 patents in violation of 35 U.S.C. § 271,

B. That 808 HI-DR8's infringement of the '912, '805, and '986 patents is willful,

C. That 808 HI-DR8 be preliminarily and permanently enjoined against all acts of infringement of the '912, '805, and '986 patents pursuant to 35 U.S.C. § 283,

D. That 808 HI-DR8 be required to file with this Court, within thirty (30) days after entry of final judgment, a written statement under oath setting forth in detail the manner in which 808 HI-DR8 has complied with the injunction of paragraph C,

E. That 808 HI-DR8 be required to deliver to Hydro Flask for destruction any and all articles in its possession and/or under its control that infringe the '912, '805, and '986 patents, including, but not limited to, the Accused Products,

F. That 808 HI-DR8 be ordered to pay Hydro Flask the damages that Hydro Flask has suffered due to infringement of the '912, '805, and '986 patents by 808 HI-DR8, together with interest thereon and costs pursuant to 35 U.S.C. § 284, including profits lost by plaintiffs as a result of infringement of the '912, '805, and '986 patents; in any event Hydro Flask shall be

awarded no less than a reasonable royalty for the unauthorized sale of the infringing products by 808 HI-DR8,

G. That 808 HI-DR8 additionally be ordered to pay Hydro Flask the total profits obtained by 808 HI-DR8 from sales of the infringing goods, per 35 U.S.C. § 289, and

H. That this case be declared exceptional pursuant to 35 U.S.C. § 285, and that Hydro Flask be awarded trebled damages and reasonable attorneys' fees; and

I. That, in any event, Hydro Flask be awarded such other and further relief as the Court deems just and proper.

*Fourth and Fifth Causes of Action*

J. That Hydro Flask's Hydro Flask Marks has been and continues to be infringed by 808 HI-DR8 in violation of 15 U.S.C. §§ 1114(1) and 1125(a),

K. That 808 HI-DR8's use of the Accused Marks constitutes unfair competition and a false designation of origin in violation of 15 U.S.C. § 1125(a),

L. That 808 HI-DR8's use of the Accused Marks violates Oregon common law regarding trademark infringement and unfair competition,

M. That, pursuant to Rule 65 of the Federal Rules of Civil Procedure and 15 U.S.C. § 1116, 808 HI-DR8, its officers, agents, servants, employees, attorneys, successors, and/or assigns, and all other persons in active concert or participation with any of them be preliminarily and permanently enjoined from (1) using the Accused Marks in connection with insulated bottles and bottle lids, and (2) continuing any and all acts of unfair competition as herein alleged,

N. That 808 HI-DR8 be ordered pursuant to Rule 65 of the Federal Rules of Civil Procedure and 15 U.S.C. § 1118, to recall from all retailers and distributors and to deliver up for impounding all goods or materials improperly bearing the Accused Marks,

      O.      That 808 HI-DR8 be required to file with this Court, within thirty (30) days after entry of final judgment, a written statement under oath setting forth in detail the manner in which 808 HI-DR8 has complied with any injunction imposed,

      P.      That, pursuant to 15 U.S.C. § 1119, the Director of the U.S. Patent and Trademark Office be enjoined from issuing to 808 HI-DR8 any registration for a mark that would create a likelihood of confusion, mistake, or deception with the Hydro Flask Marks,

      Q.      That, pursuant to 15 U.S.C. § 1117, Hydro Flask be awarded up to three times 808 HI-DR8's profits or Hydro Flask's damages, in an amount to be determined at trial, together with prejudgment interest,

      R.      That Hydro Flask be awarded its damages pursuant to the common law,

      S.      That this be declared an "exceptional case" under Section 35(a) of the Lanham Act, 15 U.S.C. § 1117, and that Hydro Flask be awarded its reasonable attorneys' fees and full costs, and

      T.      That Hydro Flask be awarded any other remedy to which it may be entitled pursuant to the Lanham Act and Oregon statutory and common law;

/ / /

/ / /

/ / /

/ / /

Page 16 –    COMPLAINT FOR PATENT AND TRADEMARK INFRINGEMENT
                 CASE NO. 3:15-CV-00058

**DEMAND FOR JURY TRIAL**

Plaintiff Steel Technology, LLC hereby demands a trial by jury.

DATED this 12th day of January, 2015.

        Respectfully submitted,

        KOLISCH HARTWELL, P.C.

        By    s/ Thomas J. Romano
            THOMAS J. ROMANO, OSB No. 053661
            E-mail: tromano@khpatent.com
            200 Pacific Building
            520 S.W. Yamhill Street
            Portland, Oregon 97204
            Telephone: (503) 224-6655
            Facsimile: (503) 295-6679

        *Of Attorneys for Plaintiff*